IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE MICHELLE GRAY, next friend and personal representative of Alex Joseph Gray, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:24-cv-384-ECM [WO] |
| JIMMY ABBETT, *et al.*, | ) ) | |
| Defendants. | ) | |

**O R D E R**

**I.  INTRODUCTION**

This case arises out of the death of Alex Gray ("Gray").  Gray's mother, Connie Michelle Gray ("Plaintiff"), the personal representative of Gray's estate, brought this action in state court asserting claims against Tallapoosa County; Tallapoosa County's Sheriff, Jimmy Abbett ("Abbett"); Myles Carter Mitchell Kellum ("Kellum"); and "A–Z," fictitious parties "whose [i]dentifications [we]re unknown to the Plaintiff" at the time she filed her state court complaint. (Doc. 1-1).  Abbett subsequently removed the case to this Court. (Doc. 1).  Plaintiff then sought and received the Court's permission to amend her complaint, (docs. 14, 15), and filed the operative amended complaint, (doc. 16).  The amended complaint dropped Kellum and "A–Z" as Defendants and added Al Wilson ("Wilson"), a jail administrator for the Tallapoosa County Jail ("the jail"); and Geni Abernathy ("Abernathy"), one of the jail's nurses. (*Id.*).  The amended complaint also asserts claims against three fictitious parties, Correctional Officers A, B, and C. (*Id.*)

Now pending before the Court are motions to dismiss filed by Tallapoosa County, Abbett, Wilson, and Abernathy. (Docs. 21, 32, 44).  Upon review of the record, and for the reasons that follow, the Court finds that the amended complaint is due to be stricken as an impermissible shotgun pleading, with an opportunity for Plaintiff to amend.

## II.  LEGAL STANDARD

A complaint must be pleaded in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions on proper pleading of a complaint.  Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  The purpose of these rules is to allow the opposing party to "discern what [the plaintiff] is claiming and frame a responsive pleading" and to allow the Court to "determine which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).  "Complaints that violate either Rule 8(a)(2) or Rule 10(b) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Id.*

The Eleventh Circuit has identified "four types or categories of shotgun pleadings." *Id.* at 1321; *accord Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

*Weiland*, 792 F.3d at 1321.  The second type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  The third type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23.  The fourth and final type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*  "[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).[1]

## III.  BACKGROUND

The amended complaint alleges the following pertinent facts, which the Court assumes are true at this stage:  Gray was arrested in April 2022 "for various offenses and was being held in the [jail]." (Doc. 16 at 7).  On May 28, 2022, while Gray was still in the jail, Kellum was also taken into the jail's custody and placed in Gray's cell. (*Id.* at 8–9).  Somehow, Kellum had managed to pass through the jail's security with fentanyl, allegedly "because he was not searched or strip searched." (*Id.* at 9).  "Kellum provided a substance to [Gray]"—presumably fentanyl, (*see id.* at 10)—"which [G]ray ingested." (*Id.* at 9).

---

[1] Abbett, Tallapoosa County, and Wilson argue that the complaint is a shotgun pleading. (*See* doc. 22 at 4–9; doc. 33 at 4–8).

Gray became "unresponsive" and was ultimately taken to a hospital, though Plaintiff alleges that Gray's condition went unnoticed for several hours because correctional officers were not conducting routine checks, in violation of the jail's protocol. (*See id.* at 9, 12–14). Despite the hospital's treatment, Gray died on June 2, 2022. (*Id.* at 10).

In her initial complaint, Plaintiff recited the foregoing but did not assert any specific claims against Abbett, Tallapoosa County, Kellum, or the fictitious party Defendants. (*See* doc. 1-1). The amended complaint asserts the following counts: negligent or wanton conduct against all Defendants (Count I); a claim against all Defendants under the Fourteenth Amendment for failure to provide a "[s]ecure and [s]afe [f]acility" (Count II); a wrongful death claim against all Defendants (Count II.1);[2] an Eighth and Fourteenth Amendment claim for deliberate indifference against all Defendants (Count III); a separate deliberate indifference claim against Abernathy and Correctional Officers A, B, and C (Count IV); another deliberate indifference claim against Abbett and Wilson (Count V); and a negligent training and supervision claim against Abbett and Wilson (Count V.1). (Doc. 16 at 21–36). In each Count, Plaintiff either "adopts all of the previous factual averments contained in paragraphs of th[e] amended complaint and incorporates them by reference," "adopts and incorporates by reference all allegations of the preceding paragraphs," or includes substantially similar language. (*Id.* at 26, 28; *see also id.* at 31

---

[2] Plaintiff, apparently inadvertently, numbered two separate claims as "Count Two." (*See* doc. 16 at 26–28). She did the same with "Count V." (*See id.* at 33–36). The Court distinguishes between these Counts by referring to the second Count Two as Count II.1, and the second Count V as Count V.1, as the parties have done. (*See, e.g.*, doc. 22 at 2 n.1). Additionally, when referring to the Counts in this Order, the Court will use roman numerals for all Counts for consistency.

(stating at the outset of Count IV that "[a]ll paragraphs in the amended complaint are re-alleged and incorporated herein by reference and paragraph")).

## IV.  DISCUSSION

Plaintiff's complaint constitutes a shotgun pleading in violation of Rule 8(a)(2) and Rule 10(b) in at least two respects.  First, the complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.  As a result, "most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (parenthetical in original).  For example, Counts IV, V, and V.1, which all raise constitutional claims, incorporate the allegations of Counts I and II.1, which are state-law claims. (Doc. 16 at 21–28, 31–36).  And Count V.1—the final Count—incorporates all preceding allegations such that it is "a combination of the entire [amended] complaint." (*Id.* at 35–36); *Weiland*, 792 F.3d at 1321.  In this situation, all counts but the first "include[] allegations that are irrelevant to the cause(s) of action the count ostensibly states." *Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2013) (parenthetical in original).  The amended complaint thus fails "to give [Defendants] adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

The complaint also violates Rules 8(a)(2) and 10(b) because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought

against." *Id.* Tallapoosa County is a government entity, Abbett is Tallapoosa County's sheriff, Abernathy is one of the jail's nurses, and Correctional Officers A, B, and C appear to be individual officers who work at the jail. (Doc. 16 at 3–6). Plaintiff nevertheless alleges that all "Defendants" failed to "timely call or notify a doctor," "call 9-1-1," and "administer emergency treatment." (*Id.* at 24). Similarly, the amended complaint claims that Abernathy and Correctional Officers A, B, and C failed "to employ personnel, staff[,] and/or medical professionals who understand proper procedures to be followed when attempting to give care and assistance to a prisoner." (*Id.*). These allegations make no distinction among the Defendants, even though it is apparent that "all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). These group allegations render the amended complaint a "shotgun pleading because they fail to give any defendant fair notice of the allegations against it." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020).

Further confusion is caused because, although the amended complaint asserts seven Counts, it lists two Count II's and two Count V's. (*See* doc. 16 at 26–28, 33–36). Plaintiff's references to the actions and omissions of "jail staff" and "jail [p]ersonnel" add to the confusion because it is not clear whether these allegations relate to any of the Defendants or to non-parties. (*See e.g., id.* at 13 ("Jail personnel failed to properly search Kellum prior to allowing him in the presence of Gray by failing to carry out their duties to search new inmates.")). These issues obfuscate Plaintiff's claims and therefore support the conclusion that the amended complaint is a shotgun pleading. *See Yeyille v. Mia. Dade Cnty. Pub.*

*Schs.*, 643 F. App'x 882, 884 (11th Cir. 2016) ("'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with [the federal] pleading requirements.").[3]

Plaintiff's arguments to the contrary are unavailing.[4]  While it is true, as Plaintiff contends, "that each count contains factual allegations specific to th[at] count," (doc. 28 at 4), every Count but Count I also contains all of the allegations that precede it.  That is, the amended complaint is a shotgun pleading not due to a dearth of allegations but rather because Counts II through V.1 incorporate all of the preceding allegations. *See Weiland*, 792 F.3d at 1321.  For this reason, the Court disagrees with Plaintiff's assertion that "[t]he claims presented in the Counts and the applicable facts thereto are readily discernable." (Doc. 28 at 7); *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint as "an all-too-typical shotgun pleading" where "a reader of the complaint must speculate as to which factual allegations pertain to which count").  Contrary to Plaintiff's assertions, her amended complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (emphasis and citation omitted).

## V.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

---

[3] While the Court recognizes that *Yeyille* is nonbinding authority and is therefore nonprecedential, the Court finds it persuasive.

[4] Because Plaintiff makes identical shotgun pleading arguments in response to all of the motions to dismiss, (*see* docs. 28, 42, 52), the Court cites only to Plaintiff's response in opposition to Abbett and Tallapoosa County's motion, (doc. 28).

1.    Plaintiff's amended complaint (doc. 16) is STRICKEN as an impermissible shotgun pleading;

2.    **On or before September 12, 2025,** Plaintiff shall file a second amended complaint that complies with Federal Rules of Civil Procedure 8 and 10 and with this Court's Order, including the following directives:

    a.    If Plaintiff's second amended complaint asserts multiple claims, then those claims must not reallege or incorporate by reference the allegations of all preceding paragraphs;

    b.    The second amended complaint must specify "which of the defendants are responsible for which acts or omissions," *Weiland*, 792 F.3d at 1323;

    c.    Each cause of action in the second amended complaint must include or identify the specific factual allegations that support it;

    d.    The second amended complaint must number the Counts in sequential order and must not list more than one Count with the same number.

3.    The motions to dismiss (docs. 21, 32, 44) are DENIED as moot and without prejudice, with leave to refile at a later stage as appropriate.

DONE this 27th day of August, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE